■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH LUBRIEN, Appellant.— Appeal by defendant from a judgment of the former County Court, Kings County, rendered November 24, 1959 after a jury trial, convicting him of robbery in the first degree, and imposing sentence. Judgment reversed on the law and on the facts and a new trial ordered. It appears to us that, when defense counsel was curtailed at the trial by the learned trial court with reference to the complaining witness' past use of narcotics, counsel was simply attempting, albeit somewhat ineffectively: (a) to develop chronologically the witness' continued use of narcotics to the day of the

alleged crime or to the time of trial; and (b) to show that, when he (the witness), on direct examination, testified that he was not a present user of drugs, he had prevaricated. While the trial court may have been technically correct in limiting further interrogation as to the witness' past use of narcotics — a fact which had already been developed, nevertheless it would have been relevant to the issue of credibility if the witness' present use of narcotics had been established (cf. *People* v. *Williams*, 6 N Y 2d 18, 28–29). Under these circumstances, and in view of the fact that the People's entire case rested on the credibility of this witness, we are constrained to hold that the interests of justice require a new trial (Code Crim. Pro., § 527). Kleinfeld, Christ, Hill and Rabin, JJ., concur; Beldock, P. J., dissents and votes to affirm the judgment, with the following memorandum: Defendant makes no claim that the evidence is insufficient to sustain the conviction or that he was not proved guilty beyond a reasonable doubt. The only claim of error is that the trial court refused to permit defense counsel to impeach the complainant's credibility by fully developing through cross-examination that the complainant had been a narcotics addict at the time of the robbery and at the time of the trial. The excluded testimony referred only to an attempt by defendant to establish the complainant's use of narcotics *prior* to the robbery; there was no exclusion of testimony to establish the complainant's *present* use of drugs. The excluded testimony was merely cumulative. In my opinion, the exclusion was not error.